IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS LASHAUN WATSON,          )
                                )
            Petitioner,          )
                                )
       v.                        )     1:19CV249
                                )
DENNIS DANIELS,                  )
                                )
            Respondent.          )

**ORDER**

The United States Magistrate Judge issued a Recommendation that this action under 28 U.S.C. §2254 ("Section 2254") be dismissed. (ECF No. 17.) The Recommendation was filed with the Court in accordance with 28 U.S.C. § 636(b) (id.) and, on December 3, 2019, was served on the parties in this action (ECF No. 18). Plaintiff filed Objections to the Magistrate Judge's Recommendation (ECF No. 20), as well as two supplements to his objections (ECF Nos. 21, 22). Petitioner raised new arguments (see, e.g., ECF No. 20 at 8-9) and attached new evidence to his Objections, e.g., an Affidavit he signed on December 17, 2019 (ECF No. 20 at 29-30) and a letter he wrote to his trial counsel (id. at 31-32). Accordingly, the Court will make a de novo determination of all matters raised in Petitioner's Objections, including any new arguments and evidence. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."); see also Cruz v. Marshall, 673 F. App'x 296, 299 (4th Cir. 2016) ("When a party raises new information

in objections . . ., regardless of whether it is new evidence or a new argument, the district court must . . . provide independent reasoning tailored to the objection[s].").

I. Ground One

Petitioner first objects to the Magistrate Judge's recommendation that the Court deny Ground One as moot. (See ECF No. 20 at 1-7; see also ECF Nos. 21, 22 .) In that regard, Petitioner denies that he based his claim for relief in Ground One on his 2005 convictions and sentences (including his term of post-release supervision arising out of the 2005 convictions), but instead argues that he "is challenging his 2018 conviction[s] because he was . . . sent to prison by county officials before his trial." (ECF No. 20 at 1 (emphasis added).)

Petitioner's argument ignores the letter dated June 25, 2018, to Petitioner from Mary Stevens, Chief Administrator of the North Carolina Post-Release Supervision and Parole Commission ("PRSPC"), explaining that "[s]ome county jails choose to send incarcerated persons to [the Department of Adult Corrections ('DAC')] (prison) custody after a [PRSPC] warrant has been served, even when there are pending charges in that county." (ECF No. 16-6 (emphasis added).) As the emphasized language makes clear, Petitioner's arrest on the PRSPC warrant alleging violation of the terms of post-release supervision which formed part of the sentence for his 2005 convictions caused the Guilford County jail to transfer Petitioner into prison custody. Because the PRSPC terminated Petitioner's post-release supervision arising out of his 2005 convictions on December 11, 2017, see Watson v. Daniels, No. 1:18CV451, Docket Entry 13-3 at 1 (M.D.N.C.), and because Ground One attacks only the conditions of Petitioner's expired term of post-release supervision, Petitioner "urg[es] . . . the correction of a sentence already served," North Carolina v. Rice, 404 U.S. 244, 248 (1971).

2

Moreover, Petitioner's attempt to reframe Ground One as an attack on his "wrongful pretrial imprisonment" while awaiting trial on his 2016 charges also fails. (ECF No. 20 at 1.) A federal habeas petitioner "in custody pursuant to the judgment of a State court" may seek relief under Section 2254, 28 U.S.C. § 2254(a); however, as a pretrial detainee awaiting trial on his 2016 charges, Petitioner did not qualify as "in custody" pursuant to a state court judgment, making relief under Section 2254 unavailable.

Thus, the Court overrules Petitioner's objections to the Magistrate Judge's recommendation that the Court deny Ground One as moot.

II. Ground Two

Petitioner contends that his pretrial imprisonment denied him access to counsel in violation of due process, "because the delay in Petitioner's new counsel acquiring information relevant to his case led to a delay in the filing of a [m]otion [t]o [s]uppress illegally obtained evidence." (ECF No. 20 at 8.) According to Petitioner, "[i]f Petitioner had not been unjustifiably transferred to prison, causing a delay in the filing of the [motion to suppress] and interrupting [sic] his ability to meet with counsel, the [motion to suppress] could have been heard much earlier, denied (as it was), and Petitioner would have accepted the plea to avoid trial." (Id.) Petitioner also maintains that his trial counsel "attempt[ed] to reach Petitioner twice at the jail to discuss matters but Petitioner had been transferred both times." (Id. at 9 (internal citation omitted) (citing ECF No. 20 at 31-32).)

Petitioner's new arguments provide no basis to overrule the Recommendation of denial with respect to Ground Two. Petitioner has provided nothing beyond his own bald assertions to show that Petitioner's brief stints in prison had any impact at all on the timing or content of the motion to suppress (and thus, in turn, Petitioner's decision to reject or accept a plea

3

offer). See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that, "[i]n order to obtain an evidentiary hearing . . ., a habeas petitioner must come forward with some evidence that the claim might have merit," and that "[u]nsupported, conclusory allegations do not entitle a habeas petition to an evidentiary hearing"), abrogated on other grounds, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).[1] Furthermore, the letter Petitioner attached to his Objections which he purportedly wrote to his trial counsel on August 11, 2017, does not provide any support for Petitioner's assertion that his trial counsel "attempt[ed] to reach Petitioner twice at the jail to discuss matters but Petitioner had been transferred both times." (ECF No. 20 at 9, (internal citation omitted) (citing ECF No. 20 at 31-32).)

Therefore, the Court overrules Petitioner's objections to the Magistrate Judge's Recommendation that the Court deny Ground Two as meritless.

III.   Ground Three

Petitioner's contentions in his Objections do not supply a reason to overturn the Recommendation that Ground Three be denied as meritless. Although Petitioner apparently disagrees with his trial counsel's decision not to argue Petitioner's pro se Motion to Dismiss and/or Application for a Writ of Habeas Corpus in the trial court on November 16, 2017, Petitioner concedes that trial counsel both arranged for and attended that hearing on Petitioner's behalf. (See ECF No. 20 at 10-13; see also ECF No. 12-4 at 6-7; ECF No. 16-1.) Contrary to Petitioner's arguments, trial counsel's scheduling of and attendance at the hearing

---

[1] Petitioner's trial counsel filed the motion to suppress on November 22, 2017, along with a supporting memorandum and two supporting affidavits (see ECF No. 7 at 25-33); however, the trial court did not hear the motion until February 27, 2018, the day before trial (see ECF No. 12-10 at 12-59). Petitioner presents no evidence that, had trial counsel filed the motion to suppress before November 22, 2017, the trial court would have ruled on that motion any earlier than the day before trial.

did not obligate counsel to present Petitioner's pro se arguments to the trial court, particularly given that the North Carolina Rules of Professional Conduct limited the scope of arguments that Petitioner's trial counsel could have made to the trial court. See N.C. R. Prof. Cond. 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.")

Accordingly, the Court overrules Petitioner's objections as to Ground Three.

IV. Ground Four

Lastly, Petitioner's contentions do not provide any grounds to overrule the Recommendation that Ground Four be denied as meritless. Petitioner simply has not sufficiently established that his short stays in prison during the time period from May 22, 2017, to December 11, 2017, denied him access to trial counsel to discuss plea offers or other pretrial matters.

IT IS THEREFORE ORDERED that the Petition, as amended, (ECF No. 7), is DENIED, that Respondent's Motion for Summary Judgment, (ECF No. 11), is GRANTED, and this action is DISMISSED WITH PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

This, the 6th day of February 2020.

/s/ Loretta C. Biggs
United States District Judge